UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| VIRTEK VISION INTERNATIONAL ULC, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 20-cv-10857-ADB |
| v. | * | |
| | * | |
| ASSEMBLY GUIDANCE SYSTEMS, INC. d/b/a ALIGNED VISION, | * | |
| | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MEMORANDUM AND ORDER ON CLAIM CONSTRUCTION**

BURROUGHS, D.J.

Plaintiff Virtek Vision International ULC ("Virtek") alleges that by selling a certain laser projection product, and by inducing others to use this product, Defendant Assembly Guidance Systems, Inc. d/b/a Aligned Vision ("Aligned Vision") is infringing at least Claim 1 of U.S. Patent No. 10,052,734 ("the '734 Patent"), which is owned by Virtek.  [ECF No. 1 ("Compl.")]. The '734 Patent describes and claims a method of aligning a laser projector for projecting a laser image onto a work surface, wherein the projected image can act like a stencil, which allows a worker to manually or semi-automatically place or mount components precisely onto the space marked by the image.  [Id. ¶ 3; ECF No. 1-1].

The parties filed claim construction briefs concerning five disputed terms, [ECF Nos. 37, 38, 39, 40, 61, and 64], and the Court conducted a hearing on October 14, 2022 at which the parties presented their proposed constructions, [ECF No. 69].  At the October 14 hearing, the parties reached agreement on constructions of three of the five disputed terms.  For the reasons set forth below, the Court construes the remaining two terms as follows.

1

## I.     BACKGROUND

Virtek filed its complaint alleging infringement against Aligned Vision in this Court on May 5, 2020.  [Compl.].  On July 20, 2020, Aligned Vision answered and filed counterclaims for non-infringement and invalidity, [ECF No. 16], which Virtek answered on August 10, 2020, [ECF No. 20].  The parties engaged in an initial round of claim construction briefing, see [ECF Nos. 37–40], but then agreed to stay the case pending resolution of inter partes review ("IPR") proceedings before the Patent Trial and Appeal Board ("PTAB"), [ECF No. 41].[1]  On May 18, 2021, the Court ordered the case stayed through the issuance of a final written decision from the PTAB, but denied the parties' request to stay the case through subsequent appeals of the PTAB's decision.  [ECF No. 43].

On May 6, 2022, the PTAB issued its final written decision in the IPR proceeding and the Court subsequently lifted the stay and scheduled a Markman hearing for August 9, 2022.  See [ECF No. 45 at 1; ECF No. 51].  At that hearing, Aligned Vision informed the Court that it was abandoning some of the claim constructions it had endorsed in its briefing in favor of the constructions adopted by the PTAB, and proposed to file a motion to supplement its briefing. See [ECF No. 57].  Thereafter, Aligned Vision filed its motion to supplement, which the Court granted, [ECF Nos. 59, 60], and Aligned Vision filed its revised claim construction briefing on August 17, 2022, [ECF No. 61].  Virtek filed a responsive brief on September 13, 2022, [ECF No. 64], and the Court heard oral argument on the competing claim constructions on October 14, 2022.  [ECF No. 69].

---

[1] Aligned Vision instituted IPR proceedings of all claims of the '734 Patent on October 14, 2020. [ECF No. 37 at 6].

II.     **LEGAL STANDARD**

Claim construction is the first stage of a patent infringement analysis, where "the scope and meaning of the patent claims asserted are determined" as a matter of law by the court. Clearstream Wastewater Sys., Inc. v. Hydro-Action, Inc., 206 F.3d 1440, 1444 (Fed. Cir. 2000); see Markman v. Westview Instruments, Inc., 517 U.S. 370, 372 (1996) (holding that "construction of a patent, including terms of art within its claim, is exclusively within the province of the court").

"[T]he words of a claim are generally given their ordinary and customary meaning," which is "the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention." Phillips v. AWH Corp., 415 F.3d 1303, 1312–13 (Fed. Cir. 2005) (en banc) (internal quotation marks omitted). Certain terms "may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." Id. at 1314.

"There are only two exceptions to this general rule: 1) when a patentee sets out a definition and acts as his own lexicographer, or 2) when the patentee disavows the full scope of a claim term either in the specification or during prosecution." Thorner v. Sony Comput. Ent. Am. LLC, 669 F.3d 1362, 1365 (Fed. Cir. 2012). "To act as [their] own lexicographer, a patentee must clearly set forth a definition of the disputed claim term other than its plain and ordinary meaning." Id. (citation and internal quotation marks omitted). Similarly, to disavow the scope of a claim term, "[t]he patentee may demonstrate intent to deviate from the ordinary and accustomed meaning of a claim term by including in the specification expressions of manifest exclusion or restriction, representing a clear disavowal of claim scope." Id. at 1366 (citation and internal quotation marks omitted).

"It is well-settled that, in interpreting an asserted claim, the court should look first to the intrinsic evidence of record, i.e., the patent itself, including the claims, the specification and, if in evidence, the prosecution history." <u>Vitronics Corp. v. Conceptronic, Inc.</u>, 90 F.3d 1576, 1582 (Fed. Cir. 1996); <u>see also</u> <u>Allergan Sales LLC v. Sandoz, Inc.</u>, 935 F.3d 1370, 1373 (Fed. Cir. 2019). "First, we look to the words of the claims themselves, both asserted and nonasserted, to define the scope of the patented invention." <u>Vitronics</u>, 90 F.3d at 1582. "[S]econd, it is always necessary to review the specification to determine whether the inventor has used any terms in a manner inconsistent with their ordinary meaning. The specification acts as a dictionary when it expressly defines terms used in the claims or when it defines terms by implication." <u>Id.</u> For this reason, the specification "is always highly relevant to the claim construction analysis[,]" and is usually dispositive, as "it is the single best guide to the meaning of a disputed term." <u>Id.</u> "Third, the court may also consider the prosecution history of the patent, if in evidence." <u>Id.</u> The prosecution history is relevant because

> [it] was created by the patentee in attempting to explain and obtain the patent. . . . [T]he prosecution history can often inform the meaning of the claim language by demonstrating how the inventor understood the invention and whether the inventor limited the invention in the course of prosecution, making the claim scope narrower than it would otherwise be.

<u>Phillips</u>, 415 F.3d at 1317.

"In most situations, an analysis of the intrinsic evidence alone will resolve any ambiguity in a disputed claim term. In such circumstances, it is improper to rely on extrinsic evidence." <u>Vitronics</u>, 90 F.3d at 1583.

## III.   DISCUSSION

Prior to the <u>Markman</u> hearing on October 14, 2022, <u>see</u> [ECF No. 69], the parties submitted competing constructions of five different terms: (1) "identifying a pattern of the reflective targets on the work surface in a three dimensional coordinate system"; (2) "scanning

4

the targets with a laser beam generated by the identified pattern of the reflective targets"; (3)

"identifying a general location of the targets on the work surface"; (4) "work surface"; and (5)

"measuring drift." [ECF Nos. 61, 64]. At the hearing, however, the parties reached agreement

on constructions for three of the terms, set forth in the following table, and the Court took the

two remaining contested constructions under advisement.

| Term | Agreed Upon Construction |
|------|--------------------------|
| "identifying a pattern of the reflective targets on the work surface in a three dimensional coordinate system" | "determining the locations and the relative positions of the reflective targets in the three-dimensional coordinate system" |
| "scanning the targets with a laser beam generated by the laser source as directed by the identified pattern of the reflective targets" | "scanning the targets with a laser beam generated by the laser source as directed by the determined locations and the relative positions of the reflective targets" |
| "measuring drift" | No construction necessary; the words are given their ordinary meaning. |

A.    "Work surface"

| Virtek's Proposed Construction | Aligned Vision's Proposed Construction |
|--------------------------------|----------------------------------------|
| A surface on which work is performed | A surface of a workpiece on which a laser image is projected |

The central dispute is whether "work surface" should be limited, as Aligned Vision

proposes, to only a surface of a work piece, or if it should be construed more broadly to include

any surface on which work is performed. Aligned Vision's argument that the term should be so

limited relies heavily on an embodiment of the invention described in the '734 Patent's

specification. See [ECF No. 61 at 22]. While the embodiment described in the specification is

one in which the work surface is the surface of a workpiece, the specification further states that

"[t]he invention has been described in an illustrative manner, and it is to be understood that the

terminology has been used as intended to be in the nature of words of description rather than of limitation" and that "many modifications and variations of the present invention are possible in light of the above teachings."  [ECF No. 38-1 at 8].  In other words, the '734 Patent expressly disclaims limiting the invention to the embodiment described in the specification, which aligns with the Federal Circuit's holding that an "applicant's choice to describe only a single embodiment [of an invention] does not mean that the patent clearly and unambiguously disavowed other embodiments."  Home Diagnostics, Inc. v. LifeScan, Inc., 381 F.3d 1352, 1357 (Fed. Cir. 2004); see also Littelfuse, Inc. v. Mersen USA EP Corp., 29 F.4th 1376, 1381 (Fed. Cir. 2022) ("[A]s we have cautioned, courts ordinarily should not limit 'the claimed invention to preferred embodiments or specific examples in the specification.'") (quoting Teleflex, Inc. v. Ficosa N. Am. Corp., 299 F.3d 1313, 1328 (Fed. Cir. 2002)).  Moreover, in addition to providing an example of the invention where the work surface is the surface of a workpiece, the specification also describes the invention more broadly as intended to improve "the projection of laser templates onto a work surface for directing a manufacturing process[,]" [ECF No. 38-1 at 6], which supports construing the term as any surface on which work is performed.  Simply put, nothing in the specification states that a work surface is limited to the surface of a workpiece.

That notwithstanding, the Court further notes that Aligned Vision's proposal seeks to add limitations to the terms that are beyond the term's plain and ordinary meaning.  The Federal Circuit has stated that "the words of a claim are generally given their ordinary and customary meaning," except when a patentee has acted as its own lexicographer or has disavowed the full scope of a claim term.  Thorner, 669 F.3d at 1365.  Neither exception applies here as Virtek proposes to construe the words in line with their ordinary meaning and has not disavowed the

full scope of the term in its specification.[2]  The Court therefore finds it proper to adopt Virtek's proposed construction for "work surface" and construes the term as "a surface on which work is performed."

**B.**   **"Identifying a general location of the targets on the work surface"**

| Virtek's Proposed Construction | Aligned Vision's Proposed Construction |
|---|---|
| No construction necessary, the words should be given their ordinary meaning | Determining the general location, and thus the relative positions, of those targets |

Claim 12 of the '734 Patent recites: "[t]he method set forth in claim 1, wherein the step of identifying a pattern of the targets is further defined by identifying a general location of the targets on the work surface."  [ECF No. 38-1 at 8].  As noted above, the parties have agreed to construe "identifying a pattern of the reflective targets on the work surface in a three dimensional coordinate system" in claim 1 to mean "determining the locations and relative positions of the reflective targets in the three dimensional coordinate system[.]"  Dependent claim 12 thus further defines the step "identifying a pattern of the targets"—*i.e.*, determining the locations and relative positions of the reflective targets in the three dimensional coordinate system—as identifying a general location of the targets on the work surface."  [ECF No. 38-1 at 8].

Aligned Vision argues that the identifying step of claim 1 is already understood to mean the identification of the general location and relative position of the targets, and that "there does not appear to be any difference between [claim 1 and claim 12]."  [ECF No. 61 at 20].  Virtek responds that construing the claim as Aligned Vision proposes would render claim 12 superfluous and argues that the Federal Circuit disfavors this result citing Littelfuse, 29 F.4th at 1380.  [ECF 61 at 15].  The Court, however, reads Littelfuse to stand for a different proposition.

---

[2] As discussed previously, although the specification of the '734 Patent provides an embodiment of the invention wherein the work surface is the surface of a workpiece, it expressly disclaims any limitation on the scope of the invention based on the example provided.

There, the district court had construed an independent claim so as to exclude an embodiment envisioned by a dependent claim, thereby rendering the dependent claim not only superfluous but also without any scope.  See Littelfuse, 29 F.4th at 1380.  On appeal, the Federal Circuit vacated the district court's claim construction and remanded, noting that the dependent claim's assumption of a certain embodiment of the invention was "persuasive evidence" that the independent claim covered said embodiment.  Id.  Littelfuse thus stands for the proposition that a district court should not construe an independent claim in a way that excludes the scope of dependent claims.  That holding, however, has little bearing on how courts should construe dependent claims, including claim 12 of the '734 Patent.  Moreover, in this Court's view, claim 12, while possibly superfluous, is not meaningless, and "a construction that renders certain claims superfluous need not be rejected if that construction is consistent with the teachings of the specification."  Id.

Notwithstanding the foregoing discussion, the Court agrees with Virtek that the claim term does not include any technical terms that are difficult to understand or are otherwise ambiguous.  Federal Circuit precedent also instructs that claim terms should be given their ordinary and customary meaning unless the terms have been elsewhere defined by the patentee or if the patentee has disavowed the terms meaning.  Virtek has done neither, and the Court finds that no construction of this term is necessary.

## IV.    CONCLUSION

For the foregoing reasons, the Court interprets the disputed terms in the manner set forth above.

**SO ORDERED.**

Dated: January 20, 2023

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT COURT JUDGE